UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR-
MANAGEMENT COOPERATION FUND, by
MICHAEL J. FORDE, and JOSEPH OLIVIERI, as
TRUSTEES,



Civil Action No.

**PETITION**

                    Petitioners,

        -against-

JOHN WHYTE d/b/a KW CONSTRUCTION, INC.,
JOHN WHYTE, a.k.a. JOHN WHITE individually,
NASHEEMA RAMJOHN, a.k.a. NASHEEMA WHYTE,
WASHINGTON MUTUAL BANK, FA

                    Respondents.
------------------------------------------------------------X

Petitioners, by their attorneys, O'DWYER & BERNSTIEN, LLP, as and for their petition

pursuant to Federal Rules of Civil Procedure 69(a) and NY CPLR § 5225(b), allege as follows:

Nature of Action

1.     This is a special proceeding pursuant to Federal Rule of Civil Procedure 69(a) and

NY CPLR §§ 5225(b) and 5206(e) seeking, *inter alia*, an order (1) declaring that respondent

JOHN WHYTE is the alter ego of KW Construction, Inc. (the "Judgment Debtor" or "KW

Construction"), and is liable for its debts and obligations, specifically the Judgment entered in

this Court on November 7, 2005 under Docket Number 05-CV-4021, in the amount of $200,675.09, pursuant to this Court's order of October 19, 2005, and (2) compelling respondent NASHEEMA RAMJOHN, a.k.a., NASHEEMA WHYTE, to deliver to the Sheriff of Westchester County title to the property known as 225 Millwood Road, Chappaqua, New York, so that it may be sold pursuant to CPLR § 5206(e), as such property was fraudulently transferred to her without fair consideration by JOHN WHYTE, with the intent and purpose to evade his debts and obligations, specifically those debts and obligations which resulted in the above mentioned judgment.

## Jurisdiction

2.  This Court has jurisdiction over this action as it seeks to enforce a prior judgment of this Court, specifically the judgment entered on November 7, 2005 under Docket Number 05-CV-4021, pursuant to 28 U.S.C. § 1367.

3.  Jurisdiction over the state law claims is conferred upon this Court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367, and pursuant to Rule 69 of the Federal Rules of Civil Procedure.

## Venue

4.  The action is properly venued in this District in that the judgment that this action seeks to enforce was rendered in the District, and the property this action seeks to have delivered is situated in the District.

## Parties

5.  Petitioners, The New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New

York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry Fund and the New York City District Council of Carpenters Charity Fund, are jointly administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5).

6. Plaintiffs Michael J. Forde and Paul O'Brien are representative Trustees of the foregoing Funds.

7. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation. Plaintiffs will be referred to herein collectively as "the Funds" or "Judgment Creditors."

8. The Funds have their principal places of business at 395 Hudson Street, New York, New York 10014.

9. Upon information and belief, respondent WHYTE (herein after "WHYTE") is the sole owner and operator of KW Construction Inc., the Judgment Debtor in Case Number 05-CV-4021.

10. Upon information and belief, KW Construction Inc. is an unincorporated sole proprietorship with a principal place of business located at 4235 Katonah Avenue, Bronx, NY 10470.

11. Upon information and belief, respondent WHYTE conducts business under the name KW Construction, Inc.

12. Upon information and belief, respondent WHYTE is a resident of the State of New York, County of Westchester, residing at 225 Millwood Road, Chappaqua, New York.

13. Upon information and belief, respondent NASHEEMA RAMJOHN, a.k.a. NASHEEMA WHYTE (hereinafter "RAMJOHN") is the wife of respondent WHYTE, and the

3

purported owner, since March 7, 2005, of the Chappaqua property, located at 225 Millwood Road, Chappaqua, New York.

14. Upon information and belief, party-respondent WASHINGTON MUTUAL BANK, FA, is a financial services company, with its headquarters at 1301 Second Avenue, Seattle, Washington.

15. Upon information and belief, party-respondent WASHINGTON MUTUAL BANK, FA, financed part of the purchase price of 225 Millwood Road, Chappaqua, New York. No claim is asserted herein against WASHINGTON MUTUAL BANK, FA, rather it is named only as a party in interest due to its interest in the real property located at 225 Millwood Road, Chappaqua, New York.

Facts

16. In an action in this Court between the Funds as plaintiffs and KW Construction, Inc., as defendant, a judgment was entered on November 7, 2005 in favor of plaintiffs, the judgment creditors, and against KW Construction, Inc., the judgment debtor, in the amount of $200,675.09, of which $200,675.09 together with interest thereon from November 7, 2005 remains due and unpaid.

17. Upon information and belief, on or around October 31, 2003, respondents WHYTE and RAMJOHN purchased real property located at 225 Millwood Road Chappaqua, New York (the "Chappaqua property").

18. Upon information and belief, the purchase price of the Chappaqua property was $999,000.00.

19. Upon information and belief, approximately $769,330.00 of the purchase price of the Chappaqua property was financed by party-respondent Washington Mutual Bank, F.A.

20. Upon information and belief, respondent WHYTE has made substantial improvements to the Chappaqua property.

21. Upon information and belief, the current market value of the Chappaqua property is in excess of $999,000.00

22. At all relevant times there were in full force and effect collective bargaining agreements ("Agreements") between KW Construction and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union")

23. The Agreements require KW Construction to make fringe benefit contributions to the plaintiffs for each hour worked by individuals performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

24. The Agreements further provide that KW Construction is required to make available to the Funds its pertinent books and records, including but not limited to its payroll records, cash disbursements journal, general ledger, state and federal tax filings and check register, for the purposes of conducting an audit to ensure compliance with the Agreements.

25. Beginning in or around January 2003, and ending in or around August 2003, the Funds conducted an audit of KW Construction's books and records for the period of January 1, 2000 through June 30, 2003, pursuant to the terms of the CBA.

26. The audit revealed a delinquency in required contributions in the amount of $177,944.27.

27. On or around March 24, 2004, the Funds sent a letter notifying KW Construction of the delinquency, and demanding payment. The letter further advised KW Construction that if it did not (1) make payment in full; or (2) submit objections and exceptions to the audit; or (3)

set up a payment plan for the delinquency, the Funds would commence arbitration against KW Construction to collect the delinquency. Similar letters were sent by the Funds' auditors on or around March 26, 2004, and April 14, 2004.

28. On or around April 19, 2004, the Funds served a Notice of Intention to Arbitrate on the Judgment Debtor.

29. Six arbitration hearings were held between June 1, 2004, and December 7, 2004. Respondent WHYTE appeared on behalf of the Judgment Debtor at the first five of these hearings, and repeatedly promised to produce various documents, including KW Construction's cancelled checks and cash disbursements journal, at or prior to the subsequent hearings.

30. No one appeared on behalf of KW Construction at the sixth and final hearing, nor were any of the documents produced as ordered by the arbitrator.

31. A default arbitration award was issued against KW Construction Inc. in the amount of $168,509.22 on or around December 11, 2004.

32. By letter dated February 9, 2005, the Funds, though counsel, advised JOHN WHYTE that if he did not comply with the arbitration award, legal proceedings to confirm and enforce the award would be commenced against KW Construction.

33. Upon information and belief, on or around March 7, 2005, WHYTE fraudulently transferred his interest in the Chappaqua property to RAMJOHN for consideration of $10.00.

34. Said fraudulent conveyance was committed by WHYTE solely for the purpose of evading his lawful debts and obligations, specifically his debts and obligations to the plaintiff Funds.

35. On or around April 21, 2005, the Funds commenced an action in this Court to confirm the arbitration award.

36. On or around April 27, 2005, a summons and a copy of the complaint referenced in paragraph 30 above was served on KW Construction. On November 7, 2005, judgment was entered against the Judgment Debtor, KW Construction, Inc., in the amount of $200,675.09, pursuant to this Court's order of October 19, 2005.

**As and for a First Cause of Action**
*(Personal Liability of JOHN WHYTE)*

37. Petitioners repeat and reallege the allegations contained in paragraphs "1" through "36" as if set forth in full herein.

38. Upon information and belief, "KW Construction, Inc." is not now, nor has it ever been incorporated as a corporation or limited liability company in any state.

39. At all relevant times herein, Respondent WHYTE was the sole operator of KW Construction, Inc., and operated KW Construction, Inc. as a sole proprietorship.

40. By reason of the foregoing, respondent WHYTE is the alter ego of KW Construction Inc. and is personally liable for all of its debts and liabilities, including the aforementioned judgment in favor of petitioners.

**As and for a Second Cause of Action**
*(Piercing the Corporate Veil of KW Construction, Inc.)*

41. Petitioners repeat and reallege the allegations set forth in paragraphs "1" through "40" as if set forth in full herein.

42. Even if KW Construction had been, at relevant times, properly incorporated, at no time were corporate formalities properly observed.

43. Upon information and belief, KW Construction business assets were regularly used to pay for the personal expenses of WHYTE, including but not limited to his mortgage, utility bills, and improvements to the Chappaqua property, and business receivables were regularly diverted directly into the personal bank accounts of WHYTE.

44. Upon information and belief, corporate formalities were ignored specifically for the purpose of defrauding the petitioners.

45. Upon information and belief, WHYTE exercised complete domination of KW Construction, Inc. in all of its transactions and operations, including those that were the subject of the underlying action, and such domination was used to commit a fraud and a wrong against plaintiffs which resulted in plaintiffs' injury.

46. By reason of the foregoing, respondent WHYTE is the alter ego of KW Construction, and is personally liable for all of its debts and liabilities, including the aforementioned judgment in favor of petitioners.

<u>As and for a Third Claim</u>
*(Fraudulent Conveyance to NASHEEMA RAMJOHN)*

47. Petitioners repeat and reallege the allegations set forth in paragraphs "1" through "46" as if set forth in full herein.

48. Respondent WHYTE fraudulently conveyed his interest in the Chappaqua property to respondent RAMJOHN, without fair consideration and with the purpose and intent to evade his debts and obligations, specifically, his debts and obligations to the petitioner Funds.

49. Upon information and belief, respondent WHYTE fraudulently conveyed his interest in the Chappaqua property to respondent RAMJOHN, without receiving fair consideration, and such transfer rendered him insolvent.

50.  Upon information and belief, Respondent WHYTE currently resides at 225 Millwood Road, Chappaqua, NY, and as such continues to control and derive benefit from his fraudulently transferred assets.

As and for a Fourth Claim
*(Attorneys' Fees Pursuant to NY DCL § 276-a)*

51.  Petitioners repeat and reallege the allegations set forth in paragraphs "1" through "50" as if set forth in full herein.

52.  Respondent WHYTE fraudulently conveyed his interest in the Chappaqua property with actual intent to hinder, delay, and defraud his present and future creditors, including petitioners.

53.  Petitioners are entitled to reasonable attorneys' fees pursuant to NY DCL § 276-a.

WHEREFORE, plaintiffs demand judgment against respondents as follows:

(1)  as against respondent JOHN WHYTE, damages in a sum of $200,675.09, plus interest from November 11, 2005,

(2)  a declaration that NASHEEMA RAMJOHN, a.k.a. NASHEEMA WHYTE is the fraudulent transferee of property belonging to JOHN WHYTE, specifically the Chappaqua property,

(3)  an order directing NASHEEMA RAMJOHN, a.k.a. NASHEEMA WHYTE to deliver title to the Chappaqua property to the Westchester County sheriff;

(4)  interest on the foregoing;

(5)   attorneys' fees and costs;

(6)   such other and different relief as the Court deems proper and just.

Dated: New York, New York
January 14, 2008

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
NICHOLAS HANLON (NH0001)
Attorneys for Plaintiffs
52 Duane Street
New York, New York 10007
(212) 571-7100