TRIVELLA, FORTE & SMITH, LLP
*Attorneys for the Respondents*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
THE NEW YORK DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS WELFARE FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS VACATION
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS ANNUITY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and JOSEPH OLIVIERI, as
TRUSTEES,

Case Number:
08-CV-00387 (JGK)

**ANSWER TO PETITION**

                        Petitioners,

         -against-

JOHN WHYTE d/b/a KW CONSTRUCTION, INC., JOHN
WHYTE a.k.a. JOHN WHYTE individually, NASHEEMA
RAMJOHN, a.k.a. NASHEEMA WHYTE, WASHINGTON
MUTUAL BANK, FA,

                        Respondents.
-------------------------------------------------------------------------x

**S I R S:**

      The respondents, JOHN WHYTE d/b/a KW CONSTRUCTION, INC., JOHN WHYTE a.k.a. JOHN WHYTE individually, and NASHEEMA RAMJOHN, a.k.a. NASHEEMA WHYTE, (collectively referred to as "respondents"), by their attorneys, TRIVELLA, FORTE & SMITH, LLP, as and for their Answer to the petitioners' Petition dated January 14, 2008, allege as follows upon

information and belief:

1. With respect to paragraph "1" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the state and federal statutes for their true content and meaning.

2. With respect to paragraph "2" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the federal statutes for their true content and meaning.

3. With respect to paragraph "3" of the Petition, the allegations contained therein are petitioners' characterizations of its case and conclusions of law to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the statutes for their true content and meaning.

4. With respect to paragraph "4" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Petition and the respondents respectfully refer the Court to the statute for its true content and meaning.

6. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "6" of the Petition.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Petition.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Petition.

9. Admit the allegations set forth in paragraph "9" of the Petition.

10. The allegations contained in paragraph "10" of the Petition call for a legal conclusion to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, the respondents deny knowledge or information sufficient to form a belief that KW CONSTRUCTION, INC. is an unincorporated sole proprietorship.

11. Deny the allegations set forth in paragraph "11" of the Petition.

12. Admit the allegations set forth in paragraph "12" of the Petition.

13. Deny the allegations set forth in paragraph "13" of the Petition.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Petition.

15. With respect to paragraph "15" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are admitted only to the extent that the mortgage was financed by Washington Mutual.

16. Admit the allegations set forth in paragraph "16" of the Petition.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Petition except admit that the property was purchased in

2003.

18. Admit the allegations set forth in paragraph "18" of the Petition.

19. Deny the allegations set forth in paragraph "19" of the Petition.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Petition.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Petition.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Petition.

23. With respect to paragraph "23" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the Agreements for their true content and meaning.

24. With respect to paragraph "24" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the Agreements for their true content and meaning.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Petition.

26. With respect to paragraph "26" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the

respondents respectfully refer the Court to the Audit Report for its true content and meaning.

27.  With respect to paragraph "27" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required.  To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the March 24, 2004 letter and to the April 19, 2004 letter for their true content and meaning.

28.  With respect to paragraph "28" of the Petition, the allegations contained therein are petitioners' characterizations of its case to which no response is required.  To the extent that the allegations may be deemed allegations of fact pertaining to the respondents, they are denied and the respondents respectfully refer the Court to the April 19, 2004 letter for its true content and meaning.

29.  Deny the allegations set forth in paragraph "29" of the Petition.

30.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Petition.

31.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Petition and the respondents respectfully refer the Court to the Arbitration Award for its true content and meaning.

32.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Petition and the respondents respectfully refer the Court to the Arbitration Award for its true content and meaning.

33.  Deny the allegations set forth in paragraph "33" of the Petition.

34.  Deny the allegations set forth in paragraph "34" of the Petition.

35.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "35" of the Petition and respectfully refer the Court to the pleadings for their true content and meaning.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Petition and respectfully refer the Court to the Judgment and court Order dated October 19, 2005 for their true content and meaning..

37. The respondents repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "36" of this Answer as if fully set forth herein.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Petition.

39. Deny the allegations set forth in paragraph "39" of the Petition.

40. Deny the allegations set forth in paragraph "40" of the Petition.

41. The respondents repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "40" of this Answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Petition.

43. Deny the allegations set forth in paragraph "43" of the Petition.

44. Deny the allegations set forth in paragraph "44" of the Petition.

45. Deny the allegations set forth in paragraph "45" of the Petition.

46. Deny the allegations set forth in paragraph "46" of the Petition.

47. The respondents repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "46" of this Answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Petition.

49. Deny the allegations set forth in paragraph "49" of the Petition.

50. Deny the allegations set forth in paragraph "50" of the Petition.

51. The respondents repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "50" of this Answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Petition.

53. Deny the allegations set forth in paragraph "53" of the Petition.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. The claims set forth in the Petition fail to state a cause of action for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. The petitioners' claims are barred by the doctrine of laches, unclean hands, waiver and equitable estoppel and legal estoppel and preemption.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Any damages the petitioners suffered were due to the actions and culpable conduct of the petitioners or their agents and were not causally related to the respondents.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. The petitioners have not obtained jurisdiction over the respondents.

**WHEREFORE**, having fully answered all the counts of the Petition, the respondents, JOHN WHYTE d/b/a KW CONSTRUCTION, INC., JOHN WHYTE a.k.a. JOHN WHYTE individually, and NASHEEMA RAMJOHN, a.k.a. NASHEEMA WHYTE, , respectfully demand judgment:

(a) Dismissing the Petition in its entirety;

(b) for judgment against the petitioners for the costs, attorneys' fees and disbursements of this action; and

   (c) for such other and different relief as the Court may deem just and proper.

Dated: White Plains, New York
   February 4, 2008

             Yours, etc.,
             TRIVELLA, FORTE & SMITH, LLP

             BY: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
             *Attorneys for the Respondents*
             1311 Mamaroneck Avenue, Suite 170
             White Plains, New York 10605
             (914) 949-9075

To: NICHOLAS HANLON, ESQ.
   O'DWYER & BERNSTEIN, LLP
   *Attorneys for the Petitioners*
   52 Duane Street
   New York, New York 10007
   (212) 571-7100

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

MICHELLE SALERNO, being duly sworn, deposes and says:

That I am not a party to this action; am over 18 years of age and reside in Westchester County, New York; that on the 7th day of February, 2008, I served the within ANSWER TO PETITION in the action The New York District Council of Carpenters et al. v. John Whyte d/b/a KW Construction Inc. et al., 08-CV-00387 upon:

NICHOLAS HANLON, ESQ.
O'DWYER & BERNSTEIN, LLP
52 Duane Street
New York, New York 10007

by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

MICHELLE SALERNO

Sworn to before me this 7th day of February, 2008.

Notary Public
RAQUEL A. WILLIAMS
Notary Public, State of New York
No. 02WI6072574
Qualified in Westchester County
Commission Expires April 8, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on February __7__, 2008, I served the foregoing ANSWER TO PETITION on Nicholas Hanlon, Esq. of O'Dwyer & Bernstein, LLP, Attorneys for the Petitioners, by electronic mail in the matter of <u>The New York District Council of Carpenters et al. v. John Whyte d/b/a KW Construction Inc. et al.</u>, 08-CV-00387.

TRIVELLA, FORTE & SMITH, LLP

BY: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
*Attorneys for the Respondents*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075
